MARY JANE BYERS, ET AL. *v.* MARGARET PREWITT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—991.]

**Subjecting Wife's Land to Husband's Debts.**

Where land is paid for with money belonging to the wife originally, and which the husband had not reduced to possession, such land can not be subjected to pay the husband's creditors.

**Homestead.**

Where it is not shown in a proceeding to subject property to pay a creditor that the property is of greater value than the homestead interest of the wife and children, although it be conceded that the land was paid for with money belonging to the husband, where the liability was incurred subsequent to the purchase of the land by the husband the homestead right exists notwithstanding the conveyance to the wife may have been fraudulent and void.

APPEAL FROM GRAYSON CIRCUIT COURT.

May 12, 1883.

OPINION BY JUDGE HINES:

There are two reasons why the judgment of the court below should be affirmed.

1. The weight of evidence is to the effect that the land sought to be subjected to the debts of the husband was paid for with money belonging to the wife originally, and which the husband had not reduced to possession.

2. The pleadings and evidence do not show that the property sought to be subjected is of greater value than the homestead interest of the wife and children; and although it be conceded that the land was paid for with money belonging to the husband, yet as the liability was incurred subsequently to the purchase and acquisition of title to the land by the husband the homestead right existed, not-

withstanding the conveyance to the wife may have been fraudulent and void.

Judgment *affirmed.*

*James S. Wortham, for appellants.*

*G. W. Stone, for appellees.*